# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

EXCEL PLUMBING, INC.,                    §
                                         §
        *Plaintiff*,                     §
                                         §
v.                                       §          CIVIL ACTION H-07-2717
                                         §
NATIONWIDE MUTUAL INSURANCE CO.,         §
                                         §
        *Defendant*.                     §

## ORDER

Now before the court is the motion for summary judgment of Nationwide Mutual Insurance

Co. ("Nationwide").  Dkt. 10.  Upon review of the motion, the response, the parties' summary

judgment evidence, and the applicable law, the motion is GRANTED IN PART and DENIED IN

PART.

## BACKGROUND

Excel Plumbing, Inc., ("Excel") is a commercial plumbing contractor located in Brenham,

Texas.  Dkt. 1.  In November 2005, Excel purchased a business and commercial insurance policy

from Nationwide.  *Id.*; Dkt. 10.  The Building and Business Personal Property section of the policy

required that Excel specify at least one address as its "covered premises"; this portion of the policy

insures the actual structure at the listed address and any business personal property located in or

within 100 feet of that structure.  Dkt. 10, Ex. F.  When it purchased the policy, Excel specified 181B

Blue Bell Road as its sole covered premises.  *Id.*

Excel routinely stored its surplus plumbing materials in movable storage containers at 7380

Hummingbird, a ranch property owned by Excel principal Bruce Randermann.  Dkt. 10; Dkt. 11.

On October 19, 2006, unknown persons trespassed on Randermann's property at 7380 Hummingbird and  stole a significant amount of the copper materials from these containers.  Dkt. 1.  On October 22, 2006, another similar theft occurred at the same location, during which the perpetrators stole nearly all of the remaining copper in the containers as well as some copper scrap stored nearby.  *Id.*  Excel reported the thefts to the police and filed insurance claims with Nationwide.  *Id.*

At the time of both thefts, the policy still reflected 181B Blue Bell Road as the sole covered premises.  Dkt. 10.  Nationwide originally denied coverage of the thefts on the basis that they took place at a location not specified in Excel's policy.  Dkt. 11.  On November 7, 2006, Excel requested that Nationwide change the covered premises under its policy to 7380 Hummingbird.  *Id.*  Excel claimed to have physically relocated its business office from 181B Blue Bell Road to 7380 Hummingbird on or about October 11, 2006.  *Id.*  After the November 7 address change, Nationwide obtained legal counsel and launched an extensive new investigation of both thefts.  Dkt. 1.  Excel eventually obtained its own counsel and sent Nationwide a demand and notice letter on June 8, 2007. *Id.*  Nationwide again denied Excel's claims on July 7, 2007, asserting that the thefts did not occur at a covered location.  *Id.*; Dkt. 10.  Excel filed suit in the Southern District of Texas on August 22, 2007 claiming violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing.  Dkt. 1.  Nationwide now moves the court to grant summary judgment on all counts of Excel's Original Complaint.  Dkt. 10.

## STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).  Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact.  *Id.* at 322.  "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."  *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25.   To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

The non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."  *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  By the same token,

the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*,  754 F.2d 1212, 1221 (5th Cir. 1985).

**ANALYSIS**

Nationwide moves the court to grant summary judgment on all counts of Excel's Original Complaint.  The Complaint alleges that Nationwide is liable as insurer to pay Excel for its losses from the copper thefts at 7380 Hummingbird on October 19 and 22, 2006.  Dkt. 1.  Count I alleges that Nationwide committed several unfair settlement practices under Section 541.060(a) of the Texas Insurance Code.  Count II alleges that Nationwide breached its common law duty of good faith and fair dealing.  Count III alleges that Nationwide violated the Texas prompt payment statute, located at Tex. Ins. Code § 542.051 *et seq*.

Because questions of material fact remain, summary judgment is not proper regarding Nationwide's liability, under the Building and Business Personal Property policy, to Excel for its losses from the copper thefts at 7380 Hummingbird on October 19 and 22, 2006.  The first question of material fact concerns the existence of language in the Building and Business Personal Property policy regarding address changes.  Within 30 days of relocating its office from 181B Blue Bell Road to 7380 Hummingbird, Excel changed its covered address under the Building and Business Personal Property policy to 7380 Hummingbird; Excel argues that this address change provided retroactive coverage at 7380 Hummingbird for the copper thefts that occurred there on October 19 and 22, 2006.  Dkt. 11.  Neither party provided the court with any portion of the Building and Business Personal Property policy that discusses a 30-day window for address changes.  *See* Dkt. 10; Dkt. 11. Without the actual policy language, the court cannot determine when the putative 30-day window starts, to what it pertains, or whether a "timely" address change would provide retroactive coverage for losses

4

occurring at the new address.  Nor can the court determine the effect of an address change after an event of loss, such as the copper thefts, has already occurred.  Further, even if Excel's address change would provide retroactive coverage to 7380 Hummingbird, another question of material fact remains.  The Building and Business Personal Property policy covers "business personal property" that is located within the covered structure or within 100 feet of that structure.  Dkt. 10, Ex. F.  The parties have presented no evidence regarding the location of the stolen copper in relation to the structure at 7380 Hummingbird.  The court therefore cannot determine whether the copper was located within 100 feet of a covered structure, as required for the thefts to be covered by the Building and Business Personal Property policy.  Accordingly, Nationwide's motion for summary judgment is DENIED as to its liability to Excel, under the Building and Business Personal Property policy, for the thefts occurring on October 19 and 22, 2006, at 7380 Hummingbird.

Furthermore, Excel's state law claims (unfair settlement practices; good faith and fair dealing; prompt payment violations) hinge either completely, or in large part, on whether Nationwide is actually liable to pay Excel for its insurance claims.  Because the court cannot determine Nationwide's liability as insurer under the Building and Business Personal Property Policy, the court cannot grant summary judgment regarding Excel's state law claims.  Accordingly, Nationwide's motion for summary judgment is DENIED as to Excel's claims regarding unfair settlement practices, breach of the duty of good faith and fair dealing, and violations of the prompt payment statute

The court can, however, determine that Nationwide is not liable to pay Excel for the thefts under three other sections of Excel's policy.

Nationwide first argues that Excel's thefts are not covered under the "Blanket Plus" extension to the Building and Business Personal Property policy.  Dkt. 10.  The Blanket Plus extension adds to or replaces certain sections in the Building and Business Personal Property policy.  Dkt. 10, Ex.

F.  Specifically, the Blanket Plus provision extends Excel's Business Personal Property coverage to include Business Personal Property "at any location you acquire other than at fairs or exhibitions." *Id.* (in "Newly Acquired or Constructed Property" section).  Nationwide argues that the Blanket Plus extension would not cover Excel's losses at 7380 Hummingbird because Excel, the insured, never "acquired" 7380 Hummingbird.  Dkt. 10.   Nationwide asks the court to apply the common dictionary definition of "acquire," meaning to gain possession of or to purchase.  *Id.*  Nationwide points out that Randermann, Excel's principal, owned 7380 Hummingbird for approximately 10 years before the thefts.  *Id.*  Nationwide also argues that there is no evidence that Excel ever purchased 7380 Hummingbird from Randermann, or otherwise gained possession of that location. *Id.*   Excel essentially concedes this issue in its response, presenting no evidence that Excel "acquired" 7380 Hummingbird from Randermann.  Dkt. 11.  Nor does Excel contest Nationwide's proffered definition of "acquire."  *Id.*  Instead, Excel argues that the Blanket Plus extension is irrelevant because the thefts should be covered under the main Building and Business Personal Property policy.  *Id.*

The court agrees with Nationwide that Excel cannot be considered to have "acquired" 7380 Hummingbird, meaning that the Blanket Plus extension should not apply to the thefts occurring at 7380 Hummingbird on October 19 and 22, 2006.  Since Excel has adduced no evidence to the contrary, it has therefore failed to meet its burden to demonstrate that there is a genuine issue of material fact regarding potential coverage of the thefts under the Blanket Plus extension to the policy.  Accordingly, Nationwide's motion for summary judgment is GRANTED with regard to Nationwide's liability under the Blanket Plus extension of the policy.

Nationwide next argues that Excel's thefts are not covered under the Installation Floater section of Excel's policy.  Dkt. 10.  The Installation Floater covers direct physical loss or damage

to "plumbing equipment and tools" while "being transported to or from the place of installation and during the period of installation." Dkt. 10, Ex. F.  Nationwide argues that, at the time of the thefts, the copper was neither being transported to a place of installation nor being installed at a worksite; instead, it was in storage at Randermann's ranch. Dkt. 10.  Excel does not argue this point, and the court agrees with Nationwide that the copper materials were neither in transit nor being installed anywhere at the time of the thefts on October 19 and 22, 2006.  Accordingly, Nationwide's motion for summary judgment is GRANTED with regard to Nationwide's liability under the Installation Floater section of the policy.

Nationwide next argues that Excel's thefts are not covered under the Marine Inland section of Excel's policy.  The Marine Inland policy covers damage or loss of contractor equipment listed on a specific form. Dkt. 10, Ex. F.  The list of contractor equipment includes a variety of different machines, but clearly does not include any of the copper plumbing supplies stolen from 7380 Hummingbird.  *Id.*  Excel does not argue this point, and the court agrees with Nationwide that the stolen copper materials are not included in the list of covered equipment under this section of the policy.  Accordingly, Nationwide's motion for summary judgment is GRANTED with regard to Nationwide's liability under the Marine Inland section of the policy

## Conclusion

For the reasons stated above, Nationwide's motion for summary judgment is DENIED as to Nationwide's liability as insurer to Excel under the Building and Business Personal Property policy for the thefts occurring on October 19 and 22, 2006, at 7380 Hummingbird.  Nationwide's motion for summary judgment is also DENIED as to Excel's claims regarding unfair settlement practices, breach of the duty of good faith and fair dealing, and violations of the prompt payment statute. Nationwide's motion for summary judgment is GRANTED as to Nationwide's liability as insurer

7

to Excel under the Blanket Plus extension, the Installation Floater, and the Marine Inland section of the policy.

It is so ORDERED.

Signed at Houston, Texas on September 24, 2008.

Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY